IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** } | |
| } | |
| **v.** } | |
| } | Case No.: 4:21-cr-00268-RDP-JHE |
| **NEKYLE A. CHANEY,** } | |
| } | |
| **Defendant.** } | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on Defendant Nekyle A. Chaney's Motion for Compassionate Release/Reduction in Sentence under 18 U.S.C. § 3582(c)(1)(A) filed on July 7, 2023.[1] (Doc. # 76). For the reasons set forth below, Defendant's Motion is due to be denied.

**I.   Background**

In November 2022, Chaney pleaded guilty to bank robbery under 18 U.S.C. § 2113(a). (Doc. # 63). On February 9, 2023, Chaney was sentenced to be imprisoned for a term of fifty-one months. (Doc. # 74 at 2). In sentencing Chaney, the court considered his medical conditions and recommended that he undergo extensive medical screening to ensure he receives all necessary prescribed medication while incarcerated. (*Id*.).

Chaney is forty-seven years old and is currently incarcerated at the Federal Correctional Institution at Beckley.[2]

Chaney's Motion requests compassionate release due to alleged serious physical and

---

[1] Since the filing of his July 7, 2023 Motion, on November 3, 2023, Chaney has filed a subsequent Motion for Compassionate Release/Reduction in Sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. # 81). The current Motion is subject to applicable law in place before the Sentencing Commission's 2023 amendment to the Guidelines Manual. The later Motion will be addressed by separate order.

[2] https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited December 7, 2023).

medical conditions, alleged functional and cognitive impairments, and alleged deteriorating mental health because of the aging process. (Doc. # 76 at 2). Chaney asserts that he suffers from (1) psychomotor epilepsy causing him to faint without warning, often while standing, and urinate on himself; (2) migraine headaches; and (3) acute anxiety attacks which cause him to lose momentum. (*Id*.). Chaney's conditions are managed by prescribed, daily medications. (*Id*.). Although the medication does not cure his conditions, they do alleviate the symptoms and frequency of issues. (*Id*.).

## II.  Applicable Law

A movant under § 3582(c)(1)(A) bears the burden of proving that a sentence reduction is warranted. *United States v. Kannell*, 834 F. App'x 566, 567 (11th Cir. 2021) (citing *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014)). "Because the statute speaks permissively and says that the district court 'may' reduce a defendant's sentence after certain findings and considerations, the court's decision is a discretionary one." *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).

"A district court has no inherent authority to modify a defendant's sentence, and it may do so only when authorized by a statute or rule." *United States v. Bradford*, 2023 WL 334755, at *4 (11th Cir. Jan. 20, 2023) (citing *United States v. Puentes*, 803 F.3d 597, 605-06 (11th Cir. 2015)). The compassionate-release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, is an exception to this limitation. It allows the sentencing judge to reduce a sentence based on "extraordinary and compelling reasons" after the defendant has asked the BOP to bring such a motion on his behalf and exhausted all administrative rights to appeal the BOP's denial of that request. 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009).

"A district court may reduce a term of imprisonment if: (1) the § 3553(a) factors favor doing so, (2) there are extraordinary and compelling reasons for doing so, *and* (3) the reduction would not endanger any person or the community." *United States v. Bradford*, 2023 WL 334755, at *4 (11th Cir. Jan. 20, 2023) (citing *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021)) (emphasis added). "*All* these conditions are necessary, so if the court finds against the defendant on *one* of them, it cannot grant a sentence reduction." *Id.* (citing *Tinker*, 14 F.4th at 1238) (emphasis added).

In *United States v. Bryant*, the Eleventh Circuit held that the policy statement in U.S.S.G. § 1B1.13 is binding on a district court. 996 F.3d 1243, 1252-52 (11th Cir. 2021). "Accordingly, district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13." *Bryant*, 996 F.3d at 1262. Section 1B1.13 lists four reasons that are extraordinary and compelling: "(i) a 'terminal illness'; (ii) a 'permanent physical or medical condition' or 'deteriorating physical or mental health because of the aging process,' which 'substantially diminishes the ability of the defendant to provide self-care' in prison; (iii) 'death or incapacitation of the defendant's only family member capable of caring for' a minor child; and (iv) '[a]s determined by the Director of the Bureau of Prisons, … an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (i), (ii), and (iii).'" *Bryant*, 996 F.3d at 1249. In addition, the policy statement requires that, to be eligible for release, a defendant not pose a danger to society. § 1B1.13(2).

### III.   Analysis

#### A. Administrative Exhaustive Requirement

A district court is not free to modify a term of imprisonment once it has been imposed, except in two circumstances: (1) upon motion of the Director of the BOP; or (2) upon motion by

a defendant, after he has fully exhausted all his administrative rights to appeal a failure of the BOP to bring a motion on his behalf, or thirty days has elapsed from receipt of such a request by the Warden of the defendant's facility, whichever is earlier. *Id.*; *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009).

Chaney asserts that he filed an inmate request to the Warden requesting compassionate release which he asserts was denied on June 20, 2023. (Doc. # 76 at 1). However, he has presented no evidence that he ever made such a request. The facility's database tracking requests for compassionate release and other administrative remedies only reflects Chaney's request for placement in a residential reentry center submitted on July 11, 2023, after Chaney's Motion was filed. (Doc. # 78-1). Therefore, Chaney has not exhausted his administrative remedies under § 3582 (c)(1)(A)(i) and the court cannot grant the request for that reason alone. *See United States v. Battle,* 2020 WL 6829865, at *1 (S.D. Ga. Nov. 20, 2020).

### B. Section 3553(a) Factors and Extraordinary and Compelling Reasons

Even if Chaney had satisfied the exhaustion requirement, he nevertheless has failed to demonstrate "extraordinary and compelling reasons" to reduce his sentence. A person seeking compassionate release must demonstrate that "considering the factors set forth in § 3553(a)," "extraordinary and compelling reasons warrant" a reduction in his sentence, "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

The four reasons that are extraordinary and compelling are: "(i) a 'terminal illness'; (ii) a 'permanent physical or medical condition' or 'deteriorating physical or mental health because of the aging process,' which 'substantially diminishes the ability of the defendant to provide self-care' in prison; (iii) 'death or incapacitation of the defendant's only family member capable of caring for' a minor child; and (iv) '[a]s determined by the Director of the Bureau of Prisons.

Chaney is only 47 years old. Chaney asserts that he suffers from psychomotor epilepsy, migraine headaches, and acute anxiety attacks, all of which are managed by prescribed, daily medications. (Doc. # 76 at 1-2). However, Chaney does not indicate, and the record does not establish, how these conditions prevent him from providing self-care in prison. (Doc. # 76). And, the court considered these medical conditions when Chaney was sentenced less than a year ago. If a defendant cannot show how his medical conditions prevent him from providing self-care while incarcerated, the conditions do not qualify as a reason for compassionate release. *See Cannon v. United States*, 2019 WL 5580233 *1, *3 (S.D. Ala. Oct. 29, 2019) (finding the defendant failed to prove his medical conditions "substantially diminished" his ability to provide self-care when medical records showed the conditions were being controlled with medication and did not mention that conditions were escalating). Chaney has not shown that any of the four reasons that have been held to be extraordinary and compelling under Section 1B1.13 apply to him.

### C. Chaney is a Danger to the Community

To receive compassionate release, Chaney also must not be a danger to the safety of any other person or to the community. U.S.S.G. § 1B1.13(2). Chaney robbed a bank. He jumped over the counter and grabbed cash from a teller's drawer. (Doc. # 72). But this was not the first bank Chaney had robbed. (*Id*. at 13). He has a lengthy criminal history, dating back to 1994, including sexual battery, simple battery, and multiple counts of robbery. (*Id*. at 10-20). The court finds that Chaney remains a danger to the community.[3]

## IV.   Conclusion

This court is bound by the Eleventh Circuit's holding that district courts do *not* have the

---

[3] Some courts have concluded that the term "safety of the community" refers "not only to the mere danger of physical violence but also to the danger that the defendant might engage in criminal activity to the community's detriment." *United States v. Mackie*, 876 F. Supp. 1489, 1491 (E.D. La. 1994) (reviewing same phrase in 18 U.S.C. § 3148, which, like 1B1.13 incorporates § 3142(g)).

discretion "to develop 'other reasons' that might justify a reduction in a defendant's sentence." *Bryant*, 996 F.3d at 1248; *Bradford*, 2023 WL 334755, at *5. Because Chaney has not exhausted his administrative remedies. does not argue that any of the four reasons that are extraordinary and compelling under Section 1B1.13 apply, and he remains a danger to the community, his Motion for Compassionate Release (Doc. # 76) is **DENIED**.

    **DONE** and **ORDERED** this December 7, 2023.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE